NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 9, 2009

Decided July 13, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

| | |
|---|---|
| **Nos**. 08-3688 & 08-3689<br><br>ALLIANCE TO END REPRESSION, et al.,<br> *Plaintiffs-Appellees*,<br><br>**v.**<br><br>CITY OF CHICAGO,<br> *Defendant-Appellant*. | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>Nos. 74-C-3268 & 75-C-3295<br>Joan B. Gottschall, *Judge*. |

**Order**

  While this appeal was pending, the district court asked for a remand under Circuit Rule 57 so that it could vacate the consent decree with all parties' approval. We granted the joint motion to remand, adding: "After the district court has vacated the consent decree, the notices of appeal should be dismissed under Fed. R. App. P. 42(b)."

  The district court vacated the consent decree, but the City of Chicago did not file a motion to dismiss the appeals under Rule 42(b). Instead it has asked us to dismiss the appeals as moot, and to vacate the district court's orders that were the object of the appeal. Because the district court has itself vacated the consent decree, there is no justification for this court to vacate any earlier orders in the case. To the extent that the vacatur reflects the litigants' mutual agreement, the considerations discussed in *U.S.*

*Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), show that no further appellate action is warranted. The appeals are dismissed. The parties will bear their own costs.